# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOP TOBACCO, L.P.<br>and<br>REPUBLIC TOBACCO, L.P., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| GOOD TIMES USA, LLC. | )      **JURY TRIAL DEMANDED**<br>)<br>) |
| Defendant. | ) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Top Tobacco, L.P. and Republic Tobacco, L.P., for their Complaint against defendant Good Times USA, LLC, allege as follows:

## THE PARTIES

1. Top Tobacco, L.P. ("Top Tobacco") is a limited partnership organized under the laws of Delaware, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025.

2. Republic Tobacco, L.P. ("Republic Tobacco") is a limited partnership organized under the laws of Delaware, and maintains its principal place of business at 2301 Ravine Way, Glenview, Illinois 60025.

3. Good Times USA, LLC ("Defendant") is, on information and belief, a limited liability company organized under the laws of Florida, and maintains a place of business at 8408 Temple Terrace Highway, Tampa, Florida 33637.

## JURISDICTION AND VENUE

4. This is an action arising in part under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and Illinois statutory and common law.

5. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District.

## NATURE OF THE CASE

7. Plaintiffs bring this action in response to Defendant's infringement of, and to protect the goodwill and consumer recognition in, the trademark 4 ACES. Top Tobacco established its 4 ACES mark in connection with a unique blend of tobacco used by smokers well before the acts of Defendant alleged herein. Republic Tobacco and its predecessors have been the exclusive U.S. distributors of Top Tobacco's 4 ACES tobacco and tubes. 4 ACES tobacco and tubes packaging displays and has displayed a depiction of four ace playing cards on the packaging. As described more fully below, without Plaintiffs' authorization or consent, and with constructive and actual knowledge of Top Tobacco's prior rights in the trademark 4 ACES, Defendant applied to register the marks 4 ACES and 4 KINGS for cigars and has used the marks 4 KINGS and 4 K's in the marketing, distribution and sale of child attractive flavored cigarillos. Defendant's 4 K's cigarillos come in a variety of flavors and its packaging also displays an image of gold crown atop a stylized "4" and a depiction of four king playing cards. Defendant,

therefore, has created circumstances whereby members of the public and trade are likely to be led to believe incorrectly that Defendant and its products are somehow authorized by, sponsored by or affiliated with Plaintiffs and with Top Tobacco's well-known 4 ACES mark.

8. Plaintiffs have taken the steps necessary to ensure that their products comply with applicable laws and regulations regarding the marketing of smokers' articles. Top Tobacco is a long-time signatory in good standing of the Master Settlement Agreement between the Attorneys General of the numerous settling states and participating manufacturers of tobacco products. As such, all of its products are subject to the marketing restrictions of the Master Tobacco Agreement. As its exclusive distributor, Republic Tobacco has agreed to abide by the market restrictions of the Master Settlement Agreement, including the prohibition against youth marketing. Moreover, among the products that Plaintiffs sold in the past were flavored cigarette papers, which Plaintiffs discontinued when the Federal Food, Drug and Cosmetic Act was amended (21 U.S.C. §387) to prohibit the sale of various flavored smokers' articles. As a result of these efforts, Plaintiffs have built up considerable goodwill among consumers and within the industry, and any association between Defendant and its flavored smokers' articles and Plaintiffs or their 4 ACES products will irreparably taint Plaintiffs and their 4 ACES products with Defendant's inferior quality and obvious choice of youth attractive flavors and substantially undermine the goodwill and standing of Plaintiffs and their products in the public and regulatory community.

## COMMON ALLEGATIONS

**(Plaintiffs' Businesses and Top Tobacco's 4 ACES Mark)**

9. For many years, Top Tobacco, its predecessors and affiliates, including Republic Tobacco and its predecessors, have distributed and sold smokers' articles, including tobacco and

tobacco-related products such as cigarette papers, cigarette filters, cigarette tubes, cigarette rolling, injecting and making machines. Top Tobacco, through its exclusive distributor Republic Tobacco, distributes such goods to distributors, wholesalers, retailers, resellers and to consumers across the United States through tobacco shops, drugstores, tobacco outlets, novelty, convenience and other retail stores. As a result, Top Tobacco has become one of the best-known manufacturers of tobacco and tobacco-related products.

10. Long prior to the actions of Defendant alleged herein, Top Tobacco adopted and has since continuously used the mark 4 ACES in connection with the national distribution and sale of tobacco, and has since begun distributing and selling 4 ACES cigarette tubes. Republic Tobacco is the exclusive distributor of Top Tobacco's 4 ACES tobacco and tubes and sells the tobacco and tubes nationwide to wholesalers and retailers.

11. Republic Tobacco promotes and advertises Top Tobacco's 4 ACES tobacco and tubes. Since its introduction to the market in 1993, the 4 ACES tobacco product packaging has consistently and prominently featured the mark 4 ACES and an image of four-of-a-kind playing card hand comprising Aces, as exemplified in the images of the 4 ACES tobacco product packaging, attached hereto as <u>Exhibit A</u>. The consistent use of playing cards on the 4 ACES tobacco product packaging reinforces the consumer recognition, and forms part of the commercial impression, of the 4 ACES mark.

12. For many years prior to the conduct of Defendant alleged herein, Republic Tobacco and its predecessors have devoted significant time, effort and resources to marketing and promoting tobacco under and in connection with the mark 4 ACES. As a result, the 4 ACES mark has developed considerable consumer recognition and acquired distinctiveness and secondary meaning signifying Top Tobacco and its products.

4

13. As a result of Plaintiffs' and their predecessors' use and extensive promotion of the 4 ACES mark in connection with tobacco, the 4 ACES mark has become well-known and recognized by the public as identifying and distinguishing Top Tobacco's products. This consumer goodwill and recognition in the 4 ACES mark constitutes one of Top Tobacco's most valuable assets.

14. To further protect its mark, Top Tobacco has obtained a federal trademark registration for FOUR ACES for use with tobacco. See Registration No. 1,843,847, which is incontestable pursuant to 15 U.S.C. § 1065. A copy of the Trademark Office record of this registration is attached hereto as Exhibit B.

15. Top Tobacco has also obtained a federal trademark registration for 4 ACES for use with cigarette tubes, the application for which was filed in August 2012, long before Defendant filed its applications for 4 ACES and 4 KINGS and commenced its use of 4 KINGS and 4 K's. See Registration No. 4,874,683. A copy of the Trademark Office record of this registration is attached hereto as Exhibit C. Top Tobacco commenced its distribution and sale of 4 ACES cigarette tubes, through Republic Tobacco, in July 2015, the product packaging of which prominently features the mark 4 ACES and an image of four-of-a-kind playing card hand comprising Aces, as exemplified in the image of the 4 ACES cigarette tubes product packaging, attached hereto as Exhibit D.

**(Defendant's Misappropriation of Top Tobacco's 4 ACES Mark)**

16. Like Plaintiffs, Defendant produces, markets, distributes and sells tobacco and smokers' articles. On information and belief, Defendant produces, markets, distributes and sells flavored cigarillos. Upon information and belief, Defendant promotes its tobacco products online through its website (located at www.goodtimestobacco.com) and markets and offers its tobacco

5

and smokers' articles in tobacco shops, novelty, convenience and other retail stores throughout the United States.

17. In August 2013, Defendant filed applications with the U.S. Patent & Trademark Office to register the marks 4 ACES and 4 KINGS based on an intent to use the marks with cigars, namely Serial Nos. 86/051,677 and 86/046,508.

18. In October 2013, when Plaintiffs became aware of Defendant's applications to register the 4 ACES and 4 KINGS marks, Top Tobacco notified Defendant in writing of its prior use of, and existing rights in, its 4 ACES mark and demanded that Defendant abandon its applications for and plans to use the marks. Defendant expressly abandoned its application for the 4 ACES mark on October 14, 2013, but has refused to abandon its application for the 4 KINGS mark.

19. On information and belief, Defendant subsequently commenced use of the 4 KINGS mark with child attractive flavored cigarillos. Defendant's 4 KINGS child attractive flavored cigarillo product packaging prominently featured an image of a gold crown atop a stylized "4" and an image of a four-of-a-kind playing card hand comprising Kings, attached hereto as Exhibit E.

20. In March 2014, Top Tobacco opposed Defendant's application to register the mark 4 KINGS for cigars with the Trademark Trial and Appeal Board, namely *Top Tobacco L.P. v. Good Times USA, LLC,* Opposition No. 91215444. When Plaintiffs became aware that Defendant had commenced use of the 4 KINGS mark, they filed a trademark infringement action in the United States District Court for the Northern District of Illinois, namely, *Top Tobacco L.P. et al., v. Good Times USA, LLC*, Civil Action No. 14-CV-8978. Both actions are currently pending, although the Trademark Trial and Appeal Board has suspended the opposition

proceeding pending resolution of the district court action.

21. On information and belief, Defendant has since ceased use of the 4 KINGS mark and adopted the mark 4 K's for the same products, namely child attractive flavored cigarillos. Like its 4 KINGS packaging, Defendant's 4 K's packaging prominently features an image of a gold crown atop a stylized "4" and an image of a four-of-a-kind playing card hand comprising Kings, attached hereto as Exhibit F.

22. On information and belief, Defendant selected its 4 KINGS and 4 K's marks as part of a continuing pattern of intentionally trading upon Top Tobacco's and its affiliates' trademarks and associated reputation and goodwill.

23. On at least two prior occasions, Defendant has adopted a trademark held by Top Tobacco or one of its affiliates for a product distributed by Republic Tobacco. Being well aware that Top Tobacco's affiliate DRL Enterprises, Inc. has long used and held incontestable trademark registrations for the trademarks 1.0, 1.25 and 1.5 for cigarette papers, which are and have been exclusively distributed by Republic Tobacco (*See* Reg. No. 1331207, 1328866 and 1481006), Defendant adopted and began selling cigarette papers bearing DRL Enterprises' 1.25 mark, and refused to cease use of the mark until the matter was resolved by litigation. (*See* Consent Agreement entered in *DRL Enterprises, Inc., et at v. Good Times, USA LLC*. Civil Action No. 11-CV-02779, United States District Court for the Northern District of Illinois). Thereafter, as set forth above, Defendant adopted and sought to register the mark 4 ACES for "cigars" (*See* Serial No. 86/051,677), which is identical to Top Tobacco's 4 ACES mark, and would have proceeded to register and use the mark for cigars, and thereby trade upon Top Tobacco's rights in the mark, had Top Tobacco not objected and demanded the abandonment of the application.

24. Although Defendant has ceased using the 4 KINGS mark, it continues to use the equivalent 4 K's mark in connection with the production, promotion, sale and distribution of flavored cigarillos.

25. Defendant's unauthorized use of the 4 K's mark is likely to confuse members of the public in that it will lead the public to believe incorrectly that Top Tobacco is the source of, has endorsed or approved, or is somehow associated with, Defendant or its goods. Defendant's prominent use and display of a four-of-a-kind hand comprising a high value playing card on its tobacco product packaging further reinforces such association. Because of Defendant's refusal to cease the conduct that has injured and continues to injure Plaintiffs, they have been forced to bring this action to protect Top Tobacco's rights in the 4 ACES mark and to redress the damage they have suffered as a result of Defendant's conduct.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1)(a))

26. Plaintiffs reallege and incorporate herein paragraphs 1 through 25 of this Complaint.

27. Pursuant to 15 U.S.C. § 1072, Defendant had constructive knowledge of Top Tobacco's ownership of and rights in its federal FOUR ACES registration prior to Defendant's unauthorized use of the 4 K's mark for tobacco products.

28. On information and belief, Defendant also had actual knowledge of Top Tobacco's ownership of and rights in its federal FOUR ACES registration prior to Defendant's unauthorized use of the 4 K's mark for tobacco products.

29. Defendant thus has deliberately and willfully used the 4 K's mark to trade upon the widespread goodwill, reputation and selling power established by Top Tobacco and its

predecessors under the 4 ACES mark and to pass its tobacco products off as those of Top Tobacco.

30. Top Tobacco has not consented to Defendant's use of the 4 K's mark in connection with the promotion and sale of Defendant's tobacco products.

31. Defendant's unauthorized use of the 4 K's mark in connection with tobacco products and its use of a four-of-a-kind hand comprising a high value playing card on its 4 K's tobacco product packaging is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs and constitutes infringement of Registration Nos. 1,843,847 and 4,874,683 in violation of 15 U.S.C. § 1114.

32. The intentional nature of Defendant's conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

33. As a result of Defendant's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT II

### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

34. Plaintiffs reallege and incorporate herein paragraphs 1 through 33 of this Complaint.

35. Defendant has deliberately and willfully used the 4 K's mark to trade on Top Tobacco's long-standing and hard-earned goodwill in its 4 ACES mark and the reputation and selling power established by Plaintiffs and their predecessors in connection with Top Tobacco's

4 ACES tobacco and tubes, as well as to confuse consumers as to the origin and sponsorship of Defendant's tobacco products.

36. Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiffs of the ability to control the consumer perception of their goods marketed under the 4 ACES mark, placing the valuable reputation and goodwill of Top Tobacco in the hands of Defendant, over whom Top Tobacco has no control.

37. Defendant's conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiffs, and as to the origin, sponsorship or approval of Defendant and its goods, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

38. As a result of Defendant's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT III

### VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS 510/1 *et seq.*)

39. Plaintiffs reallege and incorporate herein paragraphs 1 through 38 of this Complaint.

40. Defendant's actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendant's goods. Defendant's deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of Defendant and its goods with Top Tobacco and its well-known 4 ACES tobacco and tubes.

10

41. Because Defendant had notice of Top Tobacco's prior use of and rights in its 4 ACES mark before Defendant's first use of the 4 K's mark, Defendant willfully engaged in deceptive trade practices in violation of Illinois law.

42. As a result of Defendant's willful and malicious conduct, Plaintiffs are likely to suffer, and have in fact already suffered, irreparable harm for which they have no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Plaintiffs will continue to suffer irreparable harm.

## COUNT IV

### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

43. Plaintiffs reallege and incorporate herein paragraphs 1 through 42 of this Amended Complaint.

44. Defendant's conduct constitutes common law trademark infringement and unfair competition in that such conduct: (a) is likely to cause members of the public and trade, and actual or potential customers of Plaintiffs to believe that Defendant and its goods are in some way sponsored by, affiliated with or otherwise connected to Plaintiffs and Top Tobacco's goods, when in fact they are not; and (b) enables Defendant to trade on and deprive Top Tobacco of the benefit of the goodwill in its 4 ACES mark.

45. Defendant's acts described above constitute trademark infringement and unfair competition in violation of common law right, as the acts amount to an intentional misappropriation of Top Tobacco's 4 ACES mark, as well as Plaintiffs' reputation and commercial advantage. As a result of its wrongful actions, Defendant will be unjustly enriched.

46. As a result of Defendant's conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law. Plaintiffs will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court enter a judgment in their favor and against Defendant as follows:

A. Preliminarily and permanently enjoining and restraining Defendant, its parents, subsidiaries, holding companies, licensees, owners, directors, officers, partners, assigns, related entities, affiliates, predecessors, successors, employees, representatives, trustees, receivers, agents and any other persons or entities acting on behalf of Defendant or with Defendant's authority, from:

(1) using, selling, offering for sale, holding for sale, advertising or promoting any goods under or in connection with any trade name, trademark, service mark, Internet domain name or other designation of origin that is comprised in whole or in part of the terms 4 K's or any other term confusingly similar to Top Tobacco's 4 ACES mark; or

(2) doing any act or thing that is likely to induce the belief that Defendant's goods, services or activities are in some way connected with Top Tobacco's business, or that is likely to injure or damage Top Tobacco's 4 ACES mark or business; and

B. Requiring that Defendant be ordered to recall from the channels of trade all products, packaging, advertising and promotional material sold or distributed by Defendant or its affiliates that bear the terms 4 K's or any other term confusingly similar to Top Tobacco's 4 ACES mark;

C. Requiring Defendant to reimburse Plaintiffs for all damages they have suffered by reason of such acts, account for and pay over to Plaintiffs all profits derived by reason of their

acts of infringement, dilution, deceptive trade practices and unfair competition, and remit to Plaintiffs exemplary, treble, damages as provided for in 15 U.S.C. § 1117 and at common law;

D. Finding that this case constitutes an exceptional case and awarding Plaintiffs their reasonable attorneys' fees and disbursements, as well as the costs they have incurred in bringing this action, pursuant to 15 U.S.C. § 1117 and 815 ILCS 510/3;

E. Requiring that Defendant deliver up and destroy all labels, signs, prints, packages, wrappers, receptacles and advertisements in its possession bearing the 4 K's mark and all plates and other means of making the same, pursuant to 15 U.S.C. § 1118; and

F. Requiring that Plaintiffs be awarded such other and further relief as this Court may deem equitable.

Dated: April 13 2016

Respectfully Submitted,

By: s/Antony J. McShane/
One of the Attorneys for Plaintiffs,
Top Tobacco, L.P. and
Republic Tobacco, L.P.

Antony J. McShane (ARDC# 6190332)
Andrea S. Fuelleman (ARDC# 6309043)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

24557670.2